UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DENNIS CASEY,

                Petitioner,

v.

BRYAN MORRISON,

                Respondent.

                                            /

Case No. 2:22-cv-11431

HONORABLE STEPHEN J. MURPHY, III

## ORDER TRANSFERRING PETITION TO THE
## SIXTH CIRCUIT AND DENYING MOTION TO DISMISS [7] AS MOOT

Petitioner Dennis Casey, a pro se Michigan prisoner, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. ECF 1. Respondent timely moved to dismiss on the grounds that the petition is an abuse of the writ and time barred. ECF 7. For the reasons below, the Court will order that the petition be transferred to the Sixth Circuit for a determination on whether to authorize the case to proceed under 28 U.S.C. § 2244(b) because the petition is a successive petition that fails to satisfy the abuse-of-the-writ standard. Accordingly, the Court will deny the motion to dismiss as moot.

### BACKGROUND

Petitioner is serving a life sentence for a 1981 State court conviction for first-degree criminal sexual conduct. ECF 8-2, PgID 60 (*People v. Casey*, No. 80-046357 (Apr. 27, 1981)). The conviction was affirmed on direct review. ECF 8-10, PgID 203

1

(*People v. Casey*, No. 66814 (Mich. Ct. App. May 31, 1983)); ECF 8-10, PgID 279 (*People v. Casey*, No. 72994 (Mich. June 29, 1984)).

In 1985 Petitioner filed his first petition for a writ of habeas corpus. But the district court dismissed the petition without prejudice because it raised an unexhausted claim. ECF 8-3 (*Casey v. Foltz*, No. 85-cv-71036 (E.D. Mich. Jan 28, 1986)). Petitioner filed a second habeas corpus petition in 1986, and the district court denied the petition on the merits.[1] *See Casey v. Foltz*, No. 86-cv-60233 (E.D. Mich. Aug. 8, 1986). The Sixth Circuit Court affirmed the denial of habeas relief. *See Casey v. Foltz,* No. 86-1793 (6th Cir. May 6, 1987).

In 1992, Petitioner filed a third petition for a writ of habeas corpus. *See Casey v. Jabe*, No. 2:92-cv-72886 (E.D. Mich. May 26, 1992). The district court dismissed the third petition for failure to exhaust State court remedies. *See Casey*, No. 2:92-cv-72886, ECF 13; 14 (E.D. Mich. Apr. 1, 1993). And the Sixth Circuit denied Petitioner's application for a certificate of probable cause. *See Casey*, No. 2:92-cv-72886, ECF 24 (E.D. Mich. June 30, 1993).

Petitioner filed a fourth habeas petition in 1996. The case was transferred to the Sixth Circuit as an unauthorized second or successive petition. *See Brown v. Hofbauer*, No. 2:96-73078, ECF 11 (E.D. Mich. Nov. 8, 1996). The Sixth Circuit

---

[1] Based on the age of the case, the court file is unavailable. The procedural history derives from the case file of Petitioner's 1996 habeas corpus proceeding, *Brown v. Hofbauer*, No. 2:96-73078 (E.D. Mich. July 15, 1996). An electronic version of the 1996 case does not exist. The case file is available by request from the Chicago Federal Records Center.

dismissed that case for want of prosecution. *See Brown v. Hofbauer*, No. 96-8058 (6th Cir. Dec. 18, 1996).

Petitioner then filed the present habeas petition. ECF 1. He argued that "he has never been convicted" of the 1981 conviction for first-degree criminal sexual conduct for which he is incarcerated. *Id.* at 12.[2]

## DISCUSSION

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), an individual seeking to file a second or successive habeas petition must first ask the court of appeals for an order authorizing the district court to consider the petition. *See* 28 U.S.C. § 2244(b)(3)(A). But when, as here, a prior habeas petition was filed before AEDPA's effective date in 1996, the Court must first determine whether application of § 2244(b)'s gatekeeping requirements would have an impermissible retroactive effect. *See In re Hanserd*, 123 F.3d 922, 928–29 (6th Cir. 1997). If the claim raised in the later petition would have been denied under the abuse-of-the-writ doctrine, then application of AEDPA's gatekeeping requirements is proper. *See In re Green*, 144 F.3d 384, 387–88 (6th Cir. 1998).

---

[2] As noted, the 1981 life sentence is for first-degree criminal sexual conduct and was rendered in Recorder's Court for the City of Detroit. The petition references a different case number, No. 78-830653. ECF 1, PgID 1. In that case, Petitioner was sentenced to three concurrent terms of life imprisonment for two counts of first-degree criminal sexual conduct and one count of armed robbery. *See id.* Considering this reference in the context of the entire petition, Petitioner clearly intends to challenge the first-degree criminal sexual conduct conviction for which he is incarcerated, No. 80-046357.

3

Petitioner filed four previous habeas petitions challenging the conviction at issue in the present petition. One of those petitions, No. 86-cv-60233, was denied on the merits. The present petition is therefore successive to that earlier-filed petition.

Under the abuse-of-the-writ standard, a second or successive habeas corpus petition that contains a new claim is permitted only when the petitioner can show cause for his failure to raise the claim in the prior petition and resulting prejudice. *Cress v. Palmer*, 484 F.3d 844, 852 (6th Cir. 2007). "The cause determination turns on 'whether petitioner possessed, or by reasonable means could have obtained, a sufficient basis to allege a claim in the first petition and pursue the matter through the habeas process.'" *Id.* (quoting *McCleskey v. Zant*, 499 U.S. 467, 498 (1991)). "To show prejudice, a petitioner must establish a constitutional error that had a substantial and injurious effect or influence in determining the jury's verdict." *Id.* (cleaned up). The cause and prejudice showing may be excused in extraordinary cases when "a constitutional violation probably has caused the conviction of one innocent of the crime." *McCleskey*, 499 U.S. at 494.

Petitioner did not allege that the factual basis for his claim was unavailable to him at the time he filed his 1986 petition or that he could not have obtained a sufficient basis to raise this claim through reasonable means. *See* ECF 1, PgID 4, 10–14. And he provided no argument or evidence to show that he was unaware of the alleged 1981 dismissal of the criminal sexual conduct conviction before filing the petition. *See id.* at 10–25. Because Petitioner failed to show that the factual predicate

4

was unavailable to him when he filed his earlier petition, he has not established "cause" for failing to raise the present claim in his earlier petition.

To be sure, Petitioner could still obtain review of his claims were he to demonstrate his actual innocence. *See McCleskey*, 499 U.S. at 494. The actual innocence exception "is available only where the prisoner *supplements* his constitutional claim with a colorable showing a factual innocence." *Herrera v. Collins*, 506 U.S. 390, 404 (1993) (quotation marks and quotation omitted) (emphasis in original). "'Actual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998). Petitioner disputed the validity of his conviction but presented no new evidence to establish his actual innocence. *See* ECF 1, PgID 4, 10–25. Accordingly, Petitioner would not have satisfied the abuse-of-the-writ standard, and AEDPA may be applied. *See Henderson v. Collins*, 184 F. App'x 518, 523 (6th Cir. 2006) (When a petitioner cannot overcome the abuse-of-the-writ standard, "application of AEDPA's gate-keeping requirements poses no retroactivity problem.").

All told, Petitioner must obtain authorization from the Sixth Circuit to file a successive habeas corpus petition. *See* 28 U.S.C. § 2244(b)(3)(A). Federal district courts lack jurisdiction to consider successive habeas petitions absent preauthorization from the court of appeals. *Franklin v. Jenkins*, 839 F.3d 465, 473 (6th Cir. 2016) (citing 28 U.S.C. § 2244(b)(3)). When a petitioner files a second or successive habeas petition in the district court without preauthorization, the district court must transfer the case to the court of appeals. *In re Sims*, 111 F.3d 45, 47

(6th Cir. 1997) (citing 28 U.S.C. § 1631). The Court will therefore order the Clerk of the Court to transfer the present petition to the United States Court of Appeals for the Sixth Circuit in accordance with 28 U.S.C. § 1631 to determine whether Petitioner may file a successive petition. And because of the transfer, the Court will deny the motion to dismiss, ECF 7, as moot. The denial of the motion is without prejudice to Respondent's right to reassert a limitations period argument should the Sixth Circuit allow Petitioner to file a successive petition.

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that the Clerk of the Court must **TRANSFER** the case to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631 to **DETERMINE** whether Petitioner may file a successive petition.

**IT IS FURTHER ORDERED** that the motion to dismiss by Respondent [7] is **DENIED AS MOOT**. The dismissal **DOES NOT FORECLOSE** Respondent's ability to reassert a limitations period defense should the Sixth Circuit authorize the filing of a successive petition.

**SO ORDERED.**

s/ Stephen J. Murphy, III  
STEPHEN J. MURPHY, III  
United States District Judge

Dated: July 10, 2023

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on July 10, 2023, by electronic and/or ordinary mail.

s/ R. Loury  
Case Manager